FRANK ZIELEZINSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zielezinski v. Commissioner
Docket No. 19244-86.
United States Tax Court
T.C. Memo 1987-293; 1987 Tax Ct. Memo LEXIS 293; 53 T.C.M. (CCH) 1081; T.C.M. (RIA) 87293; June 15, 1987. Jack A. Colaric, for the petitioner. Doreen M. Susi, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] Respondent issued a notice *294 of deficiency to petitioner Frank Zielezinski, for $1,771 for the taxable year 1982. At the time of the petition to this Court, petitioner lived in Scottsdale, Arizona. The issue presented for decision is whether petitioner, a municipal fire fighter, may deduct under section 162(a) [2] legal fees incurred to defend a criminal prosecution for narcotic trafficking charges. [3]
*295 During 1982, petitioner was employed as a municipal fire fighter for the Phoenix Fire Department in Phoenix, Arizona. On November 17, 1982, petitioner was indicted on seven felony counts for possession and trafficking of narcotics, distribution, conspiracy and perjury, and three counts of possession of narcotics with intent to sell. Petitioner was convicted in May of 1983 of a misdemeanor for possession of narcotics and sentenced to one year supervised probation, with 100 hours of community service, including enrollment in St. Luke's Hospital Evaluation Program for six months. Petitioner had retained legal counsel to defend him in the criminal prosecution of the narcotic trafficking and other drugrelated charges. Petitioner now seeks to deduct $9,768 of the legal fees as an ordinary and necessary expense directly connected with or proximately resulting from petitioner's job as a fire fighter. Petitioner argues that the beginnings or "origins" of his indictment were an investigation of an alleged drug ring operating within the fire department, and thus the defense expenses are directly connected with his employment. Petitioner also testified that a felony conviction would result *296 in the loss of his position as a fire fighter with the Phoenix Fire Department. Respondent asserts that petitioner's legal expenses were personal in nature, and not allowable under section 262. Section 162(a) allows deductions for ordinary and necessary expenses incurred in carrying on a trade or business. On the other hand section 262 prohibits deductions for personal expenses. The general test for ascertaining whether a legal expense is business or personal in nature is set out by the Supreme Court in : the characterization, as "business" or "personal," of the litigation costs of resisting a claim depends on whether or not the claim arises in connection with the taxpayer's profit-seeking activities. It does not depend on the consequences that might result to a taxpayer's income-producing property from a failure to defeat the claim * * * Thus we must look at the origin and character of the claim with respect to which an expense was incurred, rather than the potential consequences upon the fortunes of the taxpayer. ; see also . *297 After an examination of the record, we conclude that petitioner's expenses are not ordinary and necessary expenses under section 162(a). See ; see also ; . Petitioner's legal fees to defend criminal charges arose out of his personal conduct and are therefore nondeductible personal expenses, regardless of the effect that conviction might have on his employment. Although petitioner was indicted for narcotic trafficking and distribution activities performed while he was both on and off duty as a fire fighter, petitioner admitted that the distribution and trafficking of narcotics is not part of the normal duties of a fire fighter for the City of Phoenix and that he was not authorized by the Phoenix Fire Department to traffic in narcotics or conduct drug-related activities. The alleged criminal conduct was not related to the conduct of petitioner's business as a fire fighter. [4]
*298 Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. Petitioner relies on section 212. That section allows deductions for ordinary and necessary expenses incurred for the production or collection of income or for the maintenance, conservation or management of property held for the production of income. Petitioner's argument, however, is cast in terms of expenses incurred in the course of his trade or business of being a fire fighter. Such a deduction must depend on section 162(a). We note that the criteria for allowability of ordinary and necessary legal expenses are the same under both sections 162 and 212. ; .↩
4. Regardless of whether petitioner's legal fees qualified for a deduction under section 162(a), petitioner has failed to meet his burden of proof that he actually paid legal expenses in the amount of $9,768 during the 1982 tax year. ; Rule 142(a). Although we believe that petitioner incurred some legal expenses, he failed to provide copies of any bills for services rendered, receipts or other documentation to verify the amount of his legal fees in 1982. Cf. .↩